HAUSER & SON v. JOHN RYAN.

Argued November 8, 1905—Decided February 26, 1906.

An insolvency bond admittedly the deed of the surety recited that the debtor was in custody. *Held*, that the surety was estopped from denying the truth of this recital.

On *certiorari*.

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *James C. Connolly*.

For the defendant, *Samuel Koestler*.

The opinion of the court was delivered by

GARRISON, J. The return to this writ brings up a judgment recovered in the District Court of the city of Elizabeth in an action on a bond given in insolvency proceedings executed by the prosecutor as surety for the insolvent debtor. The bond recites that such debtor "had been arrested and is now in the custody of the sheriff," &c.

The principal argument addressed to us is that the testimony did not justify the District Court in finding that the principal debtor was actually in custody when the prosecutor signed the bond. If we thought that the judge's finding of fact was unsupported by proof the judgment would not for that reason be reversed. The bond was admittedly the deed of the prosecutor, hence its recitals estopped him from denying the truth of the facts so recited. *State Bank* v. *Chetwood,* 3 *Halst.* 1; *Hardwick* v. *Cox,* 1 *Zab.* 247; *Seiple* v. *Elizabeth,* 3 *Dutcher* 407; *Hoboken* v. *Harrison,* 1 *Vroom* 73; *Hudson* v. *Winslow,* 6 *Id.* 437; *Singer Sewing Machine Co.* v. *Elizabeth,* 13 *Id.* 249.

The finding of fact that the debtor did not deliver himself in compliance with the condition of the bond is warranted by the testimony and establishes the breach. The fact that the debtor was at the time confined in jail on another charge is not a matter of defence.

The circumstance that the penalty of the bond was more than double the sum stated in its condition does not defeat the present action; the jurisdiction of the District Court was preserved by the waiver of all excess above $300.

No error appearing, the judgment brought up by this writ is affirmed.